IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL G. WASHINGTON, § | |
| TDCJ-CID #351532, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-2036 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Respondent. § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Michael G. Washington, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings, the court will dismiss Washington's habeas petition because he has failed to exhaust state court remedies as required by § 2254.

Washington is serving a ninety-nine-year sentence for a 1983 murder conviction from Harris County, Texas. Washington's habeas petition does not reflect whether he appealed the conviction or filed a state habeas application challenging the conviction after it was final. See Petition, Docket Entry No. 1, at 3. However, Washington does not directly attack the validity of the state court's judgment and sentence. Instead, he claims that the Texas Board of Pardons and Paroles has wrongly denied him an annual

review as was required by the Texas Code of Criminal Procedure when he was convicted.  Washington contends that such a denial is a violation of the Double Jeopardy Clause, the Due Process Clause, the Ex Post Facto Clause, and the Separation of Powers Doctrine.

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals.  See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

There is no indication in Washington's federal petition that he has filed a PDR or a state habeas application in which he has brought the claims presented in this action to the attention of the Court of Criminal Appeals.  Accordingly, this action will be dismissed without prejudice for failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

Should Washington file a notice of appeal, this court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

### Conclusion

The court **ORDERS** the following:

1. Washington's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 18th day of August, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE